UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BROKDALE SENIOR LIVING, INC., et al.,  )<br>)<br>Plaintiffs,                                      )<br>)<br>V.                                                       )<br>)<br>PAUL S. CAUDILL, in his capacity as    )<br>Administrator of the Estate of June       )<br>Holliday, deceased,                             )<br>)<br>Defendant.                                       ) | Civil Action No. 5: 14-098-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Paul S. Caudill's motion for relief [Record No. 18] from this Court's July 10, 2014 order. [Record No. 9] The Court's previous order denied Caudill's motion to dismiss, compelled arbitration of the underlying claims, and enjoined Caudill from pursuing his claims in the parallel state court action. [*Id.*] The plaintiffs argue that Caudill's motion for relief is akin to a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure and that Caudill has failed to show that his circumstances warrant reconsideration of the prior order. [Record No. 19] For the reasons discussed below, the Court will deny the defendant's motion.

**I.**

On November 19, 2013, Caudill filed an action in the Fayette Circuit Court regarding the care and treatment of June Holliday at Richmond Place Rehabilitation and Health Center.

- 1 -

[Record No. 1-2]  On behalf of Holliday's estate, Caudill alleged negligence, medical negligence, corporate negligence, violation of a long term care resident's rights, and wrongful death against several entities and individuals.[1]  [*Id.*]

The state court defendants asserted in their Answer that the claims are subject to a binding alternative dispute resolution agreement contained in Holliday's residency agreement.  The residency agreement was signed on May 16, 2012—the date of Mrs. Holliday's admission into the nursing home—by Mrs. Holliday's son, Caudill, acting as her attorney-in-fact.  [Record No. 1-1]  At the time, Caudill was vested with a general power-of-attorney ("POA"), with "full authority to act on [Holliday's] behalf in relation to all [her] property and affairs."  [Record No. 6-1, p. 1]

Three of the nursing home state court defendants (Brookdale Senior Living Inc., BLC Lexington SNF, LLC, and American Retirement Corporation) filed this action under the Federal Arbitration Act ("FAA"), seeking to compel arbitration and enjoin Caudill from pursuing claims against them in state court.  [Record No. 1]  Caudill then moved to dismiss the action, arguing that the Court lacked subject matter jurisdiction, that the plaintiffs failed to join an indispensable party, and that the arbitration agreement was unenforceable.  [Record No. 4]  On July 10, 2014, the Court: (i) denied Caudill's motion to dismiss; (ii) compelled arbitration; and (iii) enjoined Caudill from pursuing his state court action.  [Record No. 9]

---

1    The defendants named in that action include: Brookdale Senior Living, Inc.; BLC Lexington SNF, LLC d/b/a Richmond Place Rehabilitation and Health Center; American Retirement Corporation; Richmond Place Administrator Jamie Gitzinger; Richmond Place Director of Nursing Michele Combs; Richmond Place Assistant Director of Nursing Karen Hatfield; Richmond Place Executive Director Carol Brinegar; Brookdale Senior Living, Inc. Regional Clinical Nursing Consultant; and Brookdale Senior Living, Inc. Division Vice President Fred Ewing (collectively, "the state court defendants").  [*Id.*]

On June 30, 2015, Caudill requested relief from the order compelling arbitration and enjoining the state court litigation. [Record No. 18] Specifically, he argues that this Court should grant relief because of an alleged "intervening change in law" as outlined in the recently-decided case *Pine Tree Villa, LLC v. Brooker*, 612 F. App'x 340 (6th Cir. 2015). [Record No. 18-1, p. 4] In opposition, the plaintiffs contend that the Court should deny the requested relief because there has been no change in applicable law. [Record No. 19, p. 2]

## II.

"[D]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Requests for reconsideration are generally construed as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[2] *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *see also United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 512 (6th Cir. 2010).

A court's decision to grant or deny relief under Rule 59(e) is discretionary. *SNAPP*, 618 F.3d at 512. However, a motion under Rule 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Thus, a court should only grant a motion for reconsideration when there is: (i) an intervening change in controlling law; (ii) newly discovered evidence not previously

---

2 Some district courts in this Circuit consider motions for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Clemons v. Norton Healthcare Inc., Retirement Plan*, No. 3:08-CV-00069, 2013 WL 5437646, at *2 (W.D. Ky. Sept. 27, 2013). However, the standard for reconsidering interlocutory orders under Rule 54(b) is the same as the standard under Rule 59(e). *Id.*

available; or (iii) a need to correct a clear error of law or prevent manifest injustice. *United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999); *SNAPP*, 618 F.3d at 512.

An "intervening change in law" means a change in underlying principles. *Campbell*, 168 F.3d at 269 (holding that an amendment to the Sentencing Guidelines did not constitute a change in law because it merely clarified the Guidelines and provided a standard that the Sixth Circuit already employed). Where a movant points to a "new" holding that merely reflects the basis for the court's previous ruling, there is no intervening change in law. *SNAPP*, 618 F.3d at 513 (comparing district court's initial decision with holding and reasoning of recently-decided case).

In addition, Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment, order, or proceeding where there is: (i) a mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud; (iv) a void judgment; (v) satisfaction or discharge of the judgment; or (vi) any other reason that justifies relief. Under the catch-all provision, a district court may grant relief where there is a "change in decisional law, coupled with some other special circumstance." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "Such relief, however, should be applied 'only in exceptional or extraordinary circumstances . . .'" *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

### III.

Caudill asserts that this Court should vacate and replace its interlocutory order under its inherent powers and under Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Record No. 18-1, pp. 2–3] Neither argument is persuasive.

### A.     Inherent Power

Caudill claims that the recent Sixth Circuit decision in *Pine Tree Villa, LLC v. Brooker* constitutes an "intervening change in law" that justifies relief. 612 F. App'x 340 (6th Cir. 2015). [*Id.*, p. 4–5] However, the plaintiffs argue that *Pine Tree Villa* merely affirms pre-existing law, thus, relief is not warranted. [Record No. 19, pp. 2–4] The plaintiffs are correct.

Similar to the present action, *Pine Tree Villa* initially involved a state court negligence and wrongful death case against a nursing home. 612 F. App'x at *1. The state court defendants filed an action in federal court to enforce an arbitration agreement and enjoin the state court litigation. *Id.* Subsequently, the federal court defendant moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted his motion, finding the arbitration agreement to be unenforceable under *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012). *Pine Tree Villa*, 612 F. App'x at *1. On appeal, the Sixth Circuit affirmed the district court's holding that the agreement was unenforceable, relying almost entirely on *Ping*. *Id.* at *5. The court stated,

> Here, the district court properly followed *Ping*'s instruction by concluding that Elfrig's [power-of-attorney] did not vest Joy Brooker with the authority to bind Elfrig and her estate to a voluntary arbitration agreement because the POA expressly authorized Brooker only to make health decisions on Elfrig's behalf. The plaintiffs' challenge to the district court's ruling mischaracterizes

> the POA in *Ping* as more limited than Elfrig's POA.  They insist that Elfrig's POA expressly granted to Joy Brooker unlimited authority because it provided her "the maximum power under law to perform any acts on [Elfrig's] behalf that [Elfrig] could do personally."  Based on that language, they contend that Brooker was authorized to enter into the arbitration agreement because Elfrig could have done so.  But this argument ignores the fact that the *Ping* POA contained nearly identical language, giving the attorney-in-fact "full and complete power and authority to do and perform any, all, and every act and thing whatsoever requisite and necessary to be done . . . as [Ping] might or could do if personally present."

*Pine Tree Villa*, 612 F. App'x at *3 (citing *Ping*, 376 S.W.3d at 590–91).

The court then addressed cases decided after *Ping*, reasoning that those cases merely highlighted the fact that *Ping* was controlling for the arbitration agreement at issue.  *Pine Tree Villa*, 612 F. App'x at *4.  Finally, the court concluded, "[b]ecause the district court correctly determined that, under *Ping*, Elfrig's POA did not authorize Joy Brooker to enter into the arbitration agreement, it did not err in granting Carl Brooker's motion to dismiss and denying plaintiffs' motion to compel arbitration."  *Id.* at *5.

Because *Pine Tree Villa* merely follows the reasoning of *Ping*, a case decided prior to the order in the present action, its holding does not constitute an "intervening change in law" warranting the relief sought.  This case is similar to *United States v. Campbell* and *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, where the respective courts found no change in the law.  168 F.3d 263, 269 (6th Cir. 1999); 618 F.3d 505, 512 (6th Cir. 2010).  In *Campbell*, the court found that Amendment 439 to the Sentencing Guidelines, which provided for a "reasonably foreseeable" test, did not constitute a change in law because the Sixth Circuit already employed such a test.  168 F.3d at 269.  While *Campbell* is distinguishable from the present action because it involves a statutory change, its rationale is applicable here.  Similar

to the amendment in *Campbell*, the decision in *Pine Tree Villa* failed to change any "underlying principles." 168 F.3d at 269. The court in *Pine Tree Villa* merely affirmed the lower court's decision, relying on the same Kentucky precedent. 612 F. App'x at 3–5.

*SNAPP* is even more analogous to the present action. In *SNAPP*, the district court denied a motion to set aside a prior judgment[3] because the plaintiff failed to comply with the stringent pleading requirements of *qui tam* actions. 618 F.3d at 508. Subsequent to the district court's decision, *United States ex rel. Bledsoe v. Comm. Health Systems* ("*Bledsoe II*") was decided. 501 F.3d 493, 510 (6th Cir. 2007). On appeal, the Sixth Circuit remanded so that the district court could reconsider its prior ruling under *Bledsoe II*, but the court came to the same conclusion, relying on the same principles. *SNAPP,* 618 F.3d at 513.

When the decision was again appealed, the Sixth Circuit affirmed the district court's holding, reasoning that *Bledsoe II* "reaffirmed a preexisting general requirement for [*qui tam*] claims." *Id.* The court of appeals stated that "[f]ar from being an intervening change in the law, this requirement formed part of the basis for the district court's decision . . ." *Id.* Further, the court concluded that, "[b]ecause no holding of *Bledsoe II* affected the circuit's law on the questions at issue before the district court, the district court did not abuse its discretion in holding that its original rationale . . . still obtained." *Id.* at 514.

The present action is similar to *SNAPP* because, in both instances, the district courts were asked to reconsider a prior order due to a recently-decided case. In *SNAPP*, the district court reconsidered the pleading requirements of *qui tam* actions, looking at *Bledsoe II*. 618

---

3   Technically, the district court denied the plaintiff's motion to file a Second Amended Complaint. *Id.* at 510. However, the court of appeals construed this action as a refusal to set aside a prior judgment under Rule 59(e). *Id.* at 512.

F.3d at 513. Here, Caudill asks the Court to reconsider its prior order to compel arbitration, looking at *Pine Tree Villa*. Similar to the decision in *Bledsoe II*, the decision in *Pine Tree Villa* does not "affect[] the circuit's law on the questions at issue" because it merely "reaffirm[s] a preexisting" rule of Kentucky law. 618 F.3d at 513–14. *Pine Tree Villa* relies almost entirely on *Ping*, which the parties already thoroughly briefed before this Court. 612 F. App'x at *5 (referring to *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012)). [Record Nos. 6, 7, 8]

In short, Defendant Caudill seeks nothing more than a "second bite at the apple." *Taylor v. Colorado State Univ.*, No. 5:11-CV-00034, 2013 WL 1563233, at *10 (W.D. Ky. April 12, 2013) (finding no justification for relief under Rule 59(e) where plaintiff merely reasserted his previously rejected arguments). In its July 10, 2014 order, the Court extensively addressed the holding in *Ping*.[4] [Record No. 9] If this Court were to reconsider its prior order under *Pine Tree Villa*, it would come to the same conclusion because both *Pine Tree Villa* and *Ping* involved limited POAs and "voluntary" arbitration agreements, unlike the present action. 612 F. App'x at *3; 376 S.W.3d at 593.

### B.     Rule 60(b)(6)

The Court also disagrees with Caudill's assertion that relief is warranted under Rule 60(b) of the Federal Rules of Civil Procedure. [Record No. 18-1, p. 2] Rule 60(b)(6) relief

---

4      For example, the Court compared Caudill's power-of-attorney agreement with the one in *Ping*, noting that *Ping*'s was limited to "management of accounts, sale of property, and decisions regarding medical care," while Caudill was vested with the full authority to act on his mother's behalf in relation to all her "property and affairs." [Record No. 9, pp. 15–16] Further, the Court distinguished the arbitration provisions in both actions, highlighting that the agreement in *Ping* was voluntary, while the agreement executed by Caudill was a "condition of admission" of the nursing home. [*Id.*, p. 16]

is within the sound discretion of the Court. *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). Because relief under this rule is only warranted where there is a "change in decisional law" and a "special circumstance," Caudill's burden for obtaining Rule 60(b)(6) relief is even greater than the burden under Rule 59(e). The first prong, which resembles the Rule 59(e) requirement of a change in law, is only appropriate where a "significant change" has occurred. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 580 (6th Cir. 1998) (reversing district court's denial of 60(b)(6) relief where it relied on a case later reversed by the Ohio Supreme Court). The present action is nothing like *Cincinnati Ins. Co.*, as the new decision in this case affirmed, rather than reversed, the district court's holding and prior Kentucky case law. *Pine Tree Villa*, 612 F. App'x at *5. As a result, Caudill cannot meet the first requirement of Rule 60(b)(6).

The second prong requires "extraordinary circumstances" to justify Rule 60(b)(6) relief. *Cincinnati Ins. Co.*, 151 F.3d at 580. "[A] mere change in law is not enough . . ." *Overbee*, 765 F.2d at 580 (finding that the Ohio Supreme Court reversing itself was an "unusual circumstance" justifying relief). Thus, the Court should look for "unique facts" that justify relief.

Caudill argues that his inability to appeal the Court's July 10, 2014 interlocutory order constitutes an extraordinary circumstance. [Record No. 18-1, p. 3] In their response, the plaintiffs correctly note that the Sixth Circuit is presently considering whether an interlocutory order granting an injunction is immediately appealable under 28 U.S.C. § 1292(a)(1) in an action with facts **nearly identical** to the facts in this action. *See* Brief of Appellant, *Brookdale Sr. Living, Inc. v. Stacy*, No. 14-5848 (6th Cir. Dec. 30, 2014) (appeal

from *Brookdale Sr. Living Inc. v. Stacy*, 27 F. Supp.3d 776 (E.D. Ky. 2014)).  In fact, the appellant in that case has an argument that her case, as well as the present action, are distinguishable from the primary case that bars such appeals.  *See ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091 (6th Cir. 2002) (involving an order compelling arbitration but **not** an injunction against state court litigation); *compare with Great Earth Co., Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002) (involving an order that both compelled arbitration and enjoined state court litigation).  Because this Court's order compelling arbitration might be appealable, Caudill has failed to demonstrate an "extraordinary circumstance" warranting Rule 60(b)(6) relief.

## IV.

Defendant Caudill has failed to show that an intervening change in law requires this Court to reconsider its July 10, 2014 order compelling arbitration and enjoining parallel state court litigation.  Further, he has failed to satisfy either of the requirements of for seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that the defendant's motion [Record No. 18] is **DENIED**.

This 1st day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge